UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHRISTOPHER CAMPBELL, ET AL.**

**VERSUS**

**STATE OF LOUISIANA, LOUISIANA DEPARTMENT OF HEALTH, as the political entity responsible for Eastern Louisiana Mental Health System, ET AL.**

**CIVIL ACTION**

**NO. 20-580-JWD-SDJ**

## RULING AND ORDER

This matter comes before the Court on the *Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim* (Doc. 6) filed by Defendants, State of Louisiana, through the Department of Health, and Courtney N. Phillips, the Secretary of the Louisiana Department of Health (collectively, "Defendants"). Plaintiffs Christopher Campbell, Trevor McInnis, and Christopher Ryan Smith (collectively, "Plaintiffs") oppose the motion. (Doc. 8.) Defendants filed a reply. (Doc. 9.)

In the Complaint, Plaintiffs describe themselves as "psychiatric patients" currently being held at Eastern Louisiana Mental Health System ("ELMHS"), a state psychiatric hospital located in Jackson, Louisiana. (Doc. 1 at 4, ¶¶ 16–17.) However, Plaintiffs' status at ELMHS is unclear. While the Complaint makes general references to those found not guilty by reason of insanity ("NGRI"), Plaintiffs do not state in the Complaint that they have been found NGRI or that their residency at ELMHS is by virtue of Plaintiffs having been found NGRI. (*See* Doc. 1 at 2.)

While Defendants allege in their briefing that Plaintiffs have been found NGRI and base their arguments regarding standing on Plaintiffs' status as such (*see* Doc. 6-1 at 2–3), Plaintiffs neither admit nor deny this in their briefing. Because Plaintiffs' status as NGRI *vel non* is an important consideration in its analysis of Defendants' motion, the Court dismisses without

prejudice the *Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim* (Doc. 6) filed by Defendants. Plaintiffs are given thirty days within which to file an amended complaint which clarifies this issue. Plaintiffs may also, if they choose, amend their complaint to address any of the other issues raised in Defendants' motion.

If the Court later determines upon a second motion to dismiss that there are still deficiencies in the complaint that were raised in the Defendants' first motion to dismiss, the Court will not give Plaintiffs' an opportunity to amend again.

Signed in Baton Rouge, Louisiana, on April 30, 2021.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**